UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

**CIVIL ACTION NO. 21-189-DLB**

**LAVARES DETROEN WATKINS**                                                                  **PETITIONER**

**v.**             **MEMORANDUM OPINION AND ORDER**

**WARDEN C. GOMEZ**                                                                          **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Lavares Detroen Watkins is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Watkins filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). The Respondent then filed a response in opposition to Watkins's Petition (Doc. # 15), and Watkins filed a reply brief in support (Doc. # 20). Thus, this matter is ripe for a decision from this Court. For the reasons set forth below, Watkins's Petition will be **denied**.

In March of 2010, Watkins pled guilty to being a felon in possession of a firearm. (*See* Doc. # 15-1); *see also United States v. Watkins*, No. 2:10-cr-00024-RDP-GMB (N.D. Ala. 2010). The district court then recognized that Watkins had several prior convictions and determined that, in light of those convictions, he was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (*See* Doc. # 15-2). Ultimately, in July of 2010, the district court sentenced Watkins to 210 months in prison. (*See id.*); *see also Watkins*, No. 2:10-cr-00024-RDP-GMB, at Doc. # 13. Watkins did not

1

file either a timely appeal or a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Instead, Watkins waited several years, and, in June of 2018, he filed a § 2255 motion. *See Watkins v. United States*, No. 2:18-cv-08015-RDP, at Docs. # 1 and 2 (N.D. Ala. 2018). Watkins argued that, in light of the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), he was no longer subject to an ACCA-enhanced sentence. *See Watkins*, No. 2:18-cv-08015-RDP, at Docs. # 1 and 2. The district court, however, denied Watkins's motion as untimely, *see id.* at Doc. # 5, and the United States Court of Appeals for the Eleventh Circuit denied him a certificate of appealability, *see Watkins v. United States*, No. 18-15261 (11th Cir. Mar. 27, 2019). The Supreme Court later granted Watkins's petition for a writ of certiorari and remanded his case for further consideration in light of its intervening decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See Watkins v. United States*, No. 19-5217 (U.S. Oct. 21, 2019). However, the Eleventh Circuit then denied Watkins's request for a certificate of appealability once more, *see Watkins v. United States*, No. 18-15261 (11th Cir. Jan. 14, 2020), and it also denied his subsequent application for leave to file a second or successive § 2255 motion, *see Watkins v. United States*, No. 21-12943 (11th Cir. Sept. 15, 2021).

Shortly thereafter, Watkins filed his § 2241 petition with this Court. (Doc. # 1). At bottom, Watkins suggests that his firearm conviction and ACCA-enhanced sentence are no longer valid in light of three Supreme Court's decisions: (1) *Johnson*, 576 U.S. at 591, (2) *Rehaif*, 139 S. Ct. at 2191, and (3) *Borden v. United States*, 141 S. Ct. 1817 (2021). Thus, Watkins asks this Court to vacate his sentence.

Watkins's petition, however, constitutes an impermissible collateral attack on his underlying conviction and sentence.  Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Watkins cannot use his § 2241 petition as a way of challenging his conviction and sentence.

The Court recognizes there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition.  Indeed, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can attack his underlying conviction via § 2241 by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).  Similarly, the Sixth Circuit has said that a prisoner can challenge his underlying sentence in a § 2241 petition, though the court limited its decision to the following circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme

3

>Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).  That said, the Sixth Circuit has further explained that, in order to proceed under § 2241, the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in his earlier § 2255 proceedings.  *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

Watkins does not meet the foregoing requirements.  As an initial matter, Watkins relies on *Johnson*, 576 U.S. at 591, to argue that his ACCA-enhanced sentence is no longer valid.  But, in *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague.  *See Johnson*, 135 S. Ct. at 2551.  Therefore, *Johnson* involved a specific constitutional question about the ACCA, not a retroactive change in statutory interpretation that would permit Watkins to proceed under § 2241.  *See Hill*, 836 F.3d at 599-600.  Thus, Watkins's argument is simply not cognizable.

Watkins next relies on *Rehaif*, 139 S. Ct. at 2191, to argue that his firearm conviction is no longer valid.  But that claim is likewise without merit.  Even assuming, without deciding, that the first three *Wooten* elements are satisfied in this case, Watkins still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of a firearm.  In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like.  *See Rehaif*, 139 S. Ct. at

2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner).

Here, Watkins has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon at the time he possessed the firearm in question. In fact, as the Respondent points out, Watkins had previously been convicted of and served time for multiple felonies, and he even signed court-related documents in which he acknowledged at least some of his numerous felony convictions. (*See* Doc. # 15 at 8-10). These facts directly undercut the implication that Watkins somehow did not know he was a felon when he possessed the firearm. In short, Watkins has not shown that *Rehaif* renders him actually innocent of his firearm conviction.

Finally, Watkins relies on the Supreme Court's recent decision in *Borden*, 141 S. Ct. at 1817, to argue that one of his prior convictions no longer constitutes a crime of violence, and, thus, his ACCA-enhanced sentence is no longer valid. Commendably, the Respondent acknowledges that, "[a]t first blush, there seems to be some merit to Watkins's argument" before discussing *Borden* and Watkins's relevant prior conviction. (Doc. # 15 at 10-11). However, as the Respondent also demonstrates (*see id.* at 11-12), Watkins has not shown that he had no prior reasonable opportunity to present his arguments in his earlier § 2255 proceedings, as required to obtain relief. *See Taylor*, 990 F.3d at 499 (quoting *Wright*, 939 F.3d at 705).

As the Respondent correctly points out, Watkins's specific argument is that his prior conviction for assault in the first degree under Alabama law is no longer a crime of violence because it contains a mens rea of recklessness, and, thus, his ACCA-enhanced sentence is invalid. But, as the Respondent establishes, "Watkins's claim here never

5

needed *Borden*." (Doc. # 15 at 12). That is because, at the time Watkins could have filed a direct appeal and a § 2255 motion, his claim was actually available to him under prevailing case law in both the Eleventh Circuit (the circuit in which he was convicted) and the Sixth Circuit (the circuit in which he is now incarcerated). (*See id.* at 12-13 (discussing relevant case law, including but not limited to *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), and *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010)). In short, as the Respondent has shown, Watkins actually did have a reasonable opportunity to raise his claim in an earlier proceeding. Thus, his present reliance on *Borden* is unavailing.

For the foregoing reasons, Watkins's petition constitutes an impermissible collateral attack on his underlying conviction and sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** that:

(1)    Watkins's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(2)    This action is **STRICKEN** from the Court's docket; and

(3)    The Court will enter a corresponding Judgment.

This 13th day of July, 2022.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\6-21-189 MOO.docx